**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RAZIN KANE MONSTER TRUCKS, LLC** | § § § | |
| *Plaintiff,* | § § | **Civil Action Case No. _____** |
| **v.** | § § § | **JURY TRIAL DEMANDED** |
| **RAISING CANE'S USA, LLC** | § § | |
| *Defendant.* | § § | |

## COMPLAINT

Razin Kane Monster Trucks, LLC files this Complaint against Raising Cane's USA, LLC for trademark infringement and breach of contract as set forth more fully below:

## PARTIES

1.     Plaintiff Razin Kane Monster Trucks, LLC (hereafter "Plaintiff") is a limited liability company organized and operating under the laws of the State of Florida, and having a place of business at 1732 Patterson Ave., Unit C, Deland, Florida 32724.

2.     Defendant Raising Cane's USA, LLC (hereafter "Defendant") is a limited liability company organized and operating under the laws of the State of Louisiana.  Its principal place of business is 6800 Bishop Road, Plano, Texas 75024.  Defendant can be served through its registered agent, Capital Corporate Services, Inc., at 1501 S. Mopac Expressway, Suite 220, Austin, Texas 78746.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.       Defendant is subject to this Court's general personal jurisdiction because Defendant is a Texas corporation and its principal place of business is located at 6800 Bishop Road, Plano, Texas 75024. Defendant also regularly and systematically conducts business in the State of Texas. Defendant is subject to this Court's specific personal jurisdiction because Defendant entered into a Co-Existence Agreement with Plaintiff and agreed that "the exclusive jurisdiction and venue for any court action concerning this Agreement will be with the federal courts sitting in the State of Texas, and each of [Plaintiff and Defendant] hereby agrees and submits itself to the exclusive jurisdiction and venue of such court for such purpose." Below, Plaintiff asserts breach of such Agreement by Defendant.

5.       Venue is proper in the Houston Division of the Southern District of Texas because Defendant entered into a contract with Plaintiff and agreed that "the exclusive jurisdiction and venue for any court action concerning this Agreement will be with the federal courts sitting in the State of Texas, and each of [Plaintiff and Defendant] hereby agrees and submits itself to the exclusive jurisdiction and venue of such court for such purpose." As explained below, Defendant has breached the Co-Existence Agreement.

## BACKGROUND

### A.  Plaintiff's Business and Trademarks

6.       Plaintiff was formed in 2008 and competes in various monster truck circuits. Plaintiff first competed in the premiere monster truck series, Monster Jam, at the start of the league's 2012 season. Plaintiff's driver at that time, JR McNeal, won the Rookie of the Year award, bringing significant recognition and notoriety to Plaintiff.

7.       Since 2012, Plaintiff has competed with its self-named RAZIN KANE monster truck, as well as 4 other monster trucks, in numerous competitions across the United States,

2

including Monster Jam World Finals XVII, Monster Jam at Wichita Falls, Texas, the FS1
Championship Series West, Monster Jam World Finals XVIII, Monster Jam Triple Threat Series
Central, Monster Jam Triple Threat Series East, the Stadium Championship Series, and the All
Star Monster Truck Tour Championship Series.

      8.      Below is a picture showing the name sake monster truck in action:



      9.      Plaintiff owns 3 U.S. Federal Trademark Registrations for the RAZIN KANE
trademark:

| Registration No. | Mark | Goods/Services |
|---|---|---|
|  |  |  |
| 4472079 | RAZIN KANE | Toy vehicles |
| 6146169 | *(Razin Kane Logo)* | Entertainment in the nature of competitions in the field of monster trucks; entertainment in the nature of live show performances using monster trucks; entertainment in the nature of monster truck races; entertainment services in the nature of automobile racing and exhibitions; entertainment services, namely, arranging and conducting of competitions for monster trucks; entertainment services, namely, performing and competing in motor sports events; organizing exhibitions for monster trucks for entertainment purposes. |

3

| 6280178 | RAZIN KANE | Retail store services and online retail store services featuring clothing, flags, photo cards and stickers; all of the foregoing used solely in connection with the advertising of and for the promotion of Razin Kane monster trucks<br><br>Entertainment in the nature of competitions in the field of monster trucks; entertainment in the nature of live show performances using monster trucks; entertainment in the nature of monster truck races; entertainment services in the nature of automobile racing and exhibitions; entertainment services, namely, arranging and conducting of competitions for monster trucks; entertainment services, namely, performing and competing in motor sports events; organizing exhibitions for monster trucks for entertainment purposes |
|---|---|---|

A copy of U.S. Registrations No. 4472079, No. 6146169, and No. 6280178 are attached as Exhibits 1, 2, and 3, respectively.

**B.  Defendant's Business and Trademarks**

10.     Upon information and belief, Defendant uses the phrase "RAISING CANE'S" in connection with a fast-food restaurant specializing in chicken fingers, and related items such as T-shirts, food products, and non-alcoholic beverages.

11.     Defendant has several U.S. Trademark Registrations for trademarks and logos containing the phrases RAISING CANE'S, RAISING CANE'S CHICKEN FINGERS, and RAISING CANE'S CHICKEN AND CHIPS, and 1♥ RAISING CANE'S.

12.     None of Defendant's trademark registrations lists or covers automobile racing and exhibitions or performing, sponsoring, and competing in motor sports events.

4

**C.  Defendant's Petition to Cancel Plaintiff's Registration and Resulting Co-Existence Agreement**

13.     On April 7, 2021, Defendant petitioned the Trademark Trial and Appeal Board ("TTAB") within the United States Patent and Trademark Office ("Cancellation Action") to partially cancel Plaintiff's Federal Trademark Registration No. 6280178 ("178 Registration").  *See* Exhibit 4, Petition to Cancel.  In the Petition and Amended Petition, Defendant asserted that a likelihood of confusion exists between Defendant's trademarks and Plaintiff's use of RAZIN KANE in connection with the following services: *retail store services and online retail store services featuring clothing, flags, photo cards and stickers; all of the foregoing used solely in connection with the advertising of and for the promotion of Razin Kane monster trucks*.

14.     On February 24, 2023, nearly 2 years into the Cancellation Action, Plaintiff filed a Motion to Compel discovery based on Defendant's failure to provide adequate discovery responses.

15.     Shortly thereafter, Plaintiff and Defendant settled the Cancellation Action and entered into a written Co-Existence Agreement, effective March 20, 2023, which required Defendant to withdraw the Cancellation Action with prejudice.  A copy of the Co-Existence Agreement is attached as Exhibit 5.

16.     On March 21, 2023, Defendant filed for Withdrawal of the Cancellation Petition. See Exhibit 6.  On March 22, 2023, the TTAB terminated the Cancellation action with prejudice. See Exhibit 7, TTAB Dismissal Order.

17.     As part of the Settlement Agreement, Defendant agreed not to use the Raising Cane or RAISING CANE'S marks in connection with automobile racing and the performing, sponsoring, and competing in motor sports events:

> 5. RAISING CANE'S agrees not to use or file any application to register a mark containing the term RAISING CANE or RAISING CANE'S as a trademark for entertainment services in the nature of competitions featuring monster trucks; live show performances using monster trucks; monster truck races; automobile racing and exhibitions; arranging and conducting competitions for monster trucks; performing, sponsoring and competing in motor sports events; and organizing exhibitions for monster trucks.

Exhibit 5, ¶ 5.

18.     Plaintiff also agreed to use commercially reasonable efforts in its marketing and promotion to avoid a likelihood of confusion:

> 4. So long as all the RAZIN KANE Marks are not abandoned by RKMT, Raising Cane's will (a) use commercially reasonable efforts to market and promote its RAISING CANE'S Goods and Services in such a manner as to mitigate the likelihood of confusion in the marketplace arising from the use of the RAZIN KANE Marks and the RAISING CANE'S Marks;

19.     Plaintiff and Defendant also agreed to exclusive jurisdiction and venue in the Texas federal courts:

> 9. The Parties agree that the exclusive jurisdiction and venue for any court action concerning this Agreement will be with the federal courts sitting in the State of Texas, and each of the Parties hereby agrees and submits itself to the exclusive jurisdiction and venue of such courts for such purpose. If any provision of this Agreement is held invalid or unenforceable by any court of competent jurisdiction, the remainder of the Agreement will remain valid and enforceable, and the Parties will negotiate in good faith to replace the portion held invalid or unenforceable.

Exhibit 5, ¶ 9.

20.     Plaintiff and Defendant also agreed that the Settlement Agreement is binding on each party's parents, subsidiaries, affiliates, successors, and assigns:

> 10. This Agreement is binding on and inures to the benefit of the Parties and their respective parents, subsidiaries, affiliates, successors and assigns.

Exhibit 5, ¶ 10.

**D.  Plaintiff's Use of the Raising Cane's Mark Breaches the Co-Existence Agreement**

21.     Just this week - and less than a month after executing the Co-Existence Agreement in which Defendant agree not to use the Raising Cane's mark in connection with automobile racing and the performing, sponsoring, and competing in motor sports events, it was announced that

Defendant will be the primary sponsor of the No. 43 Chevrolet Camaro in the Ag-Pro 300 at Talladega Superspeedway:



See Exhibit 8.   According to the press release, "[t]his will mark the Raising Cane's first sponsorship in NASCAR."

22.     Defendant's sponsorship of a NASCAR vehicle materially breaches multiple terms of the Co-Existence Agreement, including §§ 4 and 5, and potentially § 10.

23.     Upon information and belief, Defendant had either entered into an agreement before March 20, 2023 for a NASCAR sponsorship or was in negotiations before March 20, 2023 for a possible NASCAR sponsorship.

24.     At no point in time, including during the pendency of the Cancellation Action, did Defendant notify or advise Plaintiff that Defendant had either entered into an agreement for a NASCAR sponsorship, was in negotiations for a possible NASCAR sponsorship, or was contemplating a NASCAR sponsorship.

25.     Additionally, Defendant's sponsorship of a NASCAR vehicle infringes on Plaintiff's prior trademark rights.

26.     Upon information and belief, Defendant did not use any mark containing RAISING CANE or RAISING CANE's in connection with NASCAR or sponsorship of a NASCAR vehicle until at least after January 21, 2020.

27.     Upon information and belief, Defendant did not use any mark containing RAISING CANE or RAISING CANE's in connection with automobile racing and exhibitions until at least after January 21, 2020.

28.     Upon information and belief, Defendant did not use any mark containing RAISING CANE or RAISING CANE's in connection with performing, sponsoring, and competing in motor sports events until at least after January 21, 2020.

29.     Upon information and belief, Defendant did not use any mark containing RAISING CANE or RAISING CANE's in connection with NASCAR or sponsorship of a NASCAR vehicle until at least after April 1, 2023.

30.     Upon information and belief, Defendant did not use any mark containing RAISING CANE or RAISING CANE's in connection with automobile racing and exhibitions until at least after April 1, 2023.

31.     Upon information and belief, Defendant did not use any mark containing RAISING CANE or RAISING CANE's in connection with performing, sponsoring, and competing in motor sports events until at least after April 1, 2023.

32.     Plaintiff has nationwide priority of use vis-à-vis Defendant of Plaintiff's RAZIN KANE mark and Razin Kane Logo in connection with at least the following services:

> Entertainment in the nature of competitions in the field of monster trucks; entertainment in the nature of live show performances using monster trucks;

entertainment in the nature of monster truck races; entertainment services in the nature of automobile racing and exhibitions; entertainment services, namely, arranging and conducting of competitions for monster trucks; entertainment services, namely, performing and competing in motor sports events; organizing exhibitions for monster trucks for entertainment purposes.

## COUNT I
## Breach of the Co-Existence Agreement

33.     Plaintiff re-alleges and incorporates the foregoing paragraphs by reference as if fully set forth herein.

34.     The Co-Existence Agreement is a valid contract.  Plaintiff has performed as required by the contract.

35.     Defendant materially breached the Co-Existence Agreement by failing to perform as required by the Co-Existence Agreement in at least the following ways:

a.   Defendant's sponsorship of a NASCAR vehicle using its RAISING CANE'S mark is in direct contrast to Defendant's agreement in § 5 of the Co-Existence Agreement "to not use … a mark containing the term RAISING CANE of RAISING CANE'S as a trademark for … automobile racing and exhibitions … performing, sponsoring and competing in motor sports events."

b.   Defendant's sponsorship of a NASCAR vehicle is in direct contrast to Defendant's agreement in § 4 of the Co-Existence Agreement to "use commercially reasonable efforts to market and promote its RAINING CANE'S Goods and Services in such a manner as to mitigate the likelihood of confusion in the market place arising from the use of the RAZIN KANE Marks and the RAISING CANE'S Marks."

c.   If any of Defendant's parent, subsidiaries, affiliates, successor or assigns entered into sponsorship of a NASCAR vehicle using a RAISING CANE or

RAISING CANE's mark, then Defendant materially breached § 10 of the Co-Existence Agreement, which prohibits such related entities from doing so under §§ 4 and 5 of the Co-Existence Agreement.

36.     Defendant has been damaged by Plaintiff's material breaches of the Co-Existence Agreement.

37.     Pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8), Plaintiff is entitled to recover its reasonable attorneys' fees for Defendant's material breaches of the Co-Existence Agreement.

## COUNT II
## Federal Trademark Infringement – Registered Marks

38.     Plaintiff re-alleges and incorporates the foregoing paragraphs by reference as if fully set forth herein.

39.     Defendant's use of a mark containing RAISING CANE'S and/or colorable imitations of the foregoing in connection with automobile racing and exhibitions, with performing, sponsoring, and competing in motor sports events, and/or with NASCAR or sponsorship of a NASCAR is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.  Accordingly, Defendant's use of Defendant's RAISING CANE'S marks infringes U.S. Trademark Registrations No. 6280178 and No. 6146169 under 15 U.S.C. § 1114(a).

40.     Defendant knew of U.S. Trademark Registrations No. 6280178 and No. 6146169 since at least as early as April 7, 2021.  Thus, Defendant's use of a mark containing RAISING CANE'S after such knowledge in connection with automobile racing and exhibitions, with performing, sponsoring, and competing in motor sports events, and/or with NASCAR or

sponsorship of a NASCAR constitutes an exceptional case and willful infringement of U.S. Trademark Registrations No. 6280178 and No. 6146169.

41.     Plaintiff is entitled to (1) Defendant's profits, (2) any damages sustained by the Plaintiff, (3) the costs of the action, and (4) enhanced damages and attorneys' fees under 15 U.S.C. § 1117.  Plaintiff is also entitled to permanent injunctive relief under 15 U.S.C. § 1116.  Unless Defendant is enjoined, Plaintiff has no adequate remedy at law and will be irreparably harmed.

### COUNT III
### Federal Trademark Infringement – Unregistered Marks

42.     Plaintiff re-alleges and incorporates the foregoing paragraphs by reference as if fully set forth herein.

43.     As a result of Plaintiff's longstanding and continuous use in interstate commerce, substantial sales, significant advertising and promotional activities, and widespread distribution of such efforts in commerce in the United States, Plaintiff's RAZIN KANE marks have become well known and accepted by the public, and serve to distinguish Plaintiff's goods and services from those of others, namely:

> Entertainment in the nature of competitions in the field of monster trucks; entertainment in the nature of live show performances using monster trucks; entertainment in the nature of monster truck races; entertainment services in the nature of automobile racing and exhibitions; entertainment services, namely, arranging and conducting of competitions for monster trucks; entertainment services, namely, performing and competing in motor sports events; organizing exhibitions for monster trucks for entertainment purposes.

44.     Defendant's use of a mark containing RAISING CANE'S and/or colorable imitations of the foregoing in connection with automobile racing and exhibitions, with performing, sponsoring, and competing in motor sports events, and/or with NASCAR or sponsorship of a NASCAR is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval

11

of Defendant's services or commercial activities by Plaintiff.  Accordingly, such use by Defendant of Defendant's RAISING CANE'S marks infringes Plaintiff's common law rights in and to the RAZIN KANE mark and the RAZIN KANE'S Logo under 15 U.S.C. § 1125(a).

45.     Defendant knew of Plaintiff's use of its RAZIN KANE mark and its RAZIN KANE Logo in connection with the following services since at least as early as April 7, 2021:

> Entertainment in the nature of competitions in the field of monster trucks; entertainment in the nature of live show performances using monster trucks; entertainment in the nature of monster truck races; entertainment services in the nature of automobile racing and exhibitions; entertainment services, namely, arranging and conducting of competitions for monster trucks; entertainment services, namely, performing and competing in motor sports events; organizing exhibitions for monster trucks for entertainment purposes.

46.     Thus, Defendant's use of a mark containing RAISING CANE'S after such knowledge in connection with automobile racing and exhibitions, with performing, sponsoring, and competing in motor sports events, and/or with NASCAR or sponsorship of a NASCAR constitutes an exceptional case and willful infringement of Plaintiff's RAZIN KANE mark and RAZIN LANE Logo.

47.     Plaintiff is entitled to (1) Defendant's profits, (2) any damages sustained by the Plaintiff, (3) the costs of the action, and (4) enhanced damages and attorneys' fees under 15 U.S.C. § 1117.  Plaintiff is also entitled to permanent injunctive relief under 15 U.S.C. § 1116.  Unless Defendant is enjoined, Plaintiff has no adequate remedy at law and will be irreparably harmed.

## ATTORNEYS' FEES

48.     Plaintiff re-alleges and incorporates the foregoing paragraphs by reference as if fully set forth herein.

49.     Plaintiff seeks to recover its attorneys' fees pursuant to the Lanham Act, 15 U.S.C. § 1117 and pursuant to Texas Civil Practice and Remedies Code § 38.001(8).

## INJUNCTIVE RELIEF

50.     Plaintiff seeks preliminary injunctive relief related to its breach of contract claims in Count I.

51.     Plaintiff seeks permanent injunctive relief related to its breach of contract claims in Count I and its infringement claims in Counts II and III.

## JURY DEMAND

52.      Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for judgment that:

A.     Defendant has breached the Co-Existence Agreement, including but not limited to §§ 4 & 5 and potentially § 10;

B.     Defendant's breaches of the Co-Existence Agreement be preliminarily and permanently enjoined from using any of its marks containing Raising Cane's in connection with automobile racing and exhibitions, with performing, sponsoring, and competing in motor sports events as set forth in Paragraph 5 of the parties' Co-Existence Agreement, including but not limited to the sponsoring of any automobiles, drivers, or races affiliated with NASCAR;

C.     Plaintiff be award damages for Defendant's breaches of the Co-Existence Agreement;

D.     Plaintiff be awarded its reasonable attorneys' fees under Civil Practice and Remedies Code § 38.0001 for Defendant's breaches of the Co-Existence Agreement;

E.     Defendant's use of a mark containing RAISING CANE'S or a colorable imitation thereof in connection with automobile racing and exhibitions, with performing, sponsoring, and

competing in motor sports events, and/or with NASCAR or sponsorship of a NASCAR infringes U.S. Trademark Registrations No. 6280178 and No. 6146169 under 15 U.S.C. § 1114(a);

      F.      Defendant's use of a mark containing RAISING CANE'S or a colorable imitation thereof in connection with automobile racing and exhibitions, with performing, sponsoring, and competing in motor sports events, and/or with NASCAR or sponsorship of a NASCAR infringes Plaintiff's rights in its RAZIN KANE mark and RAZIN KANE Logo under 15 U.S.C. § 1125(a)

      G.      Defendant's acts of infringement are willful infringement under 15 U.S.C. § 1117;

      H.      Defendant's acts of infringement constitute an exceptional case under 15 U.S.C. § 1117;

      I.      Plaintiff be awarded damages for Defendant's infringement;

      J.      Defendant's infringement be permanently enjoined;

      K.      Defendant and its respective affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons acting in concert or participation with them who receive actual notice of any order issuing an injunction (preliminary or permanent) be so enjoined from taking any acts violative of the injunction;

      L.      Defendant be required to pay pre-judgment interest on all amounts awarded, and post-judgment interest until paid, at the highest lawful rate; and

      M.      Plaintiff be granted such other relief as the Court deems just and equitable.

Date: April 21, 2023                      Respectfully submitted,


                      By: */s/ Jonathan M. Pierce*
                          Jonathan M. Pierce
                          *Attorney in Charge*
                          SD Tex. No. 23801
                          Texas State Bar No. 24027744
                          jpierce@porterhedges.com

Jack E. Byrom
SD Tex. No. 2406693
Texas State Bar No. 24082763
jbyrom@porterhedges.com
**Porter Hedges LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6694 (telephone)
(713) 226-6294 (facsimile)

13931286

**ATTORNEYS FOR PLAINTIFF**